.Mi. Justice STRONG!,
with whom concurred Justices DAVIS and FIELD, dissenting.
I dissent from the judgments given' in-these cases, and' from .the r'easous assigned in support of- the judgments.
If iteyer was claimed,, it is no longer contended by any one that the tax on' dividends and Federal, salaries, for the collection-and payment of which'provision was', made by the 120th, 122d, and 123d sections of the Internal'Revenue Act of 1864, and. its amendments, was not a tax- upon' income,. and a part .of the income tax levied by the 116th section- of the act. And, notwithstánding what was decided in Barnes *337 v. The Railroads,* I regard it as having' been settled by the subsequent cáse of The United States v. The Baltimore and Ohio Railroad Company,† that the tax on dividends declared and interest payable by the companies mentioned in the 122d section was a tax upon the stockholders and bondholders of the companies, and not a tax upon the corporations. Of .this opinion were all.the judges of'this court except two. Though the corporations were by the' law made agents of the government for collecting it and paying it over, the tax itself was ruled to be p part of the income tax of the persons ei. titled to the interest or dividends. For the same reasons which ■ compelled such a decisión, the tax upon dividends' declared by banking, trust, and insurance companies, arid the tax upon Federal salaries, for the collection and payment of which provision was made in the 120th and the 123d sections of the act, were income taxes of the shareholders of those companies, and of the officers from whose sálaries they were directed to be deducted.
And if this be so, then the tax in controversy in these cases was a tax upon the income of 1870, and 'not upon the income of 1869. None of the dividends were declared until after January 1st, 1870, and some of them not until mapy months after that date. True the funds out of which the' dividends were made were composed of earnings of the company, in some cases wholly and in others partly, in 1869; but these earnings were not available to the shareholders until the dividends were made out of them. Until then they were in no sense the income of the shareholders and taxable as such. .In the express words of the act, it was income derived by the taxpayer which alone was made subject to the tax. The language of the law was that the duty on the dividends should be paid “ whenever the same” (that -is the dividends) “shall be payableAnd such was-the construction which was from the beginning given to the act. Prior to the enactment of 1864 there was an income tax on divi dends at the rate of three per cent., and when by that act- *338 the rate was raised to five per cent., the Commissioner of Internal Revenue issued a circular, dated July 1st, 1864, declaring thát “all dividends payable on and after July 1st, 1864, no matter when declared, are subject to the duty of five per centum.” Much more, if dividends are not income before they are payable, are they not income before they are declared ? I repeat, then, the taxes in controversy nofv were taxes upon the income of the shareholders for the year 1870. They were, therefore, not authorized by the statute.
The 119th section of .the act, I think, put au end to all taxes on income derived from any source after December 31st, 1869. Its language was, “ the duties on incomes herein imposed shall be levied on the first day of May, and be due and payable on or before the 30th day of June in each year, until and including the year 1870, and no longer.” Construing this, as it must be construed, in connection with the 116th section, the matter is- plain. That section declared that the income duty provided for in the act should “be assessed, collected, and paid upon the gains, profits, or income for the year ending the 31st day of December next preceding the time-for levying, collectings and paying said duty.” The tax authorized to be levied in May, 1870, and the last authorized by the act of 1864, of any of its amendments, was a tax upon the income derived by the taxpayer in 1869.
Returning, then, to the 119th section, it plainly limited the duration of the tax upon income of every kind — all income upon which the act imposed'a tax. It excepted none. It did not speak of taxes on income, a return of which was required to bfe made by the taxpayer, but its language was, “ the duties herein imposed.” The 119th section imposed no tax. Its reference, therefore, must have been to taxes imposed by other sections of the act; to those imposed by the 116th section, which were taxes on income from any source, whether dividends of railroad companies, or banks, or insurance companies, or any other corporations not particularly specified. It. is true the 119th section makes no particular mention bf taxes on that portion of incqme mentioned in the *339 120th, 122d, and 123d sections; but such mention would have been superfluous. They were included .in the large classification, “ the duties herein imposed.” The taxes upon such dividends had been paid before the .expiration of the previous year; and the act guarded against double taxation by authorizing a deduction from the required estimate, by the assessor, of the income on which the tax had been paid.
Indeed, I think it impossible to escape from the cotíclusion that the 119th section ivas .intended to enact- that no tax should be levied or collected upon any income which was not. received by the taxpayer of derived by him, or which did not accrue to him on or before the last day of December, 1869. Any other construction Would make the law offensively discriminating and grossly unequal. I cannot believe Congress intended that one who had lent his money to a telegraph company, to a bridge company, or to a mining or manufacturing company, or one who might receive dividends made by such companies, should be. exempt from a tax upon his interest and dividends received after. December 31st, 1869, while one who had lent to a canal, railroad, banking, insurance, savings fund, or trust company, or who derived dividend's from them, should continue indefinitely to pay an income tax on his interest and dividends. I cannot believe it was intended to tax the salaries of officers of the United States.after the expiration of the tax upon, all other salaries. I will not attribute such injustice to Congress. I discover no intent to make such odious discriminations, and, in my opinion., such an intent ought clearly to appear before a court would be justified in giving the construction to the act which works such a result.
I need say no more upon this part of the case. If the tax upon dividends-, made by banking, trust, and insurance companies, the. tax. upon railroad dividends, and upon salaries of Federal officers was a tax upon income; if the tax mentioned in the 120th and 122d sections was a tax upon the shareholder, or.loanholder, and not upon the corporations; .if dividends declared in 1870 are not income of the shareholders in 1869; and if the Ili9th section put an end to all *340 income tax upon income not received by shareholders in companies on or before December 31st, 1869, each of which I have endeavored to show, the right disposition of the eases before us is clear. The several companies who are defendants in error were not authorized to retain any tax out of the dividends made to .their shareholders in 1870. No such tax had any legal existence, and the companies were under no'obligation to pay it. The judgments they have recovered for the sums illegally exacted from them ought, therefore, to be affirnied.
I do uot overlook the later act of Congress,'passed July 14th, 1870, to which a majority of my brethren attach some importance as bearing upon those cases. The 17th section of that act enacted “that sections 120, 121, 122, and 123 of the act of June 30th, 1864, entitled ‘ An act to provide internal-revenue to support the government, to pay interest on .the public debt, and for other purposes.’ as amended by the act of July 13th, 1866, and the act of March 2d, 1867, shall be .construed to impose the taxes therein mentioned to the first day of August, 1870. but after that date no further taxes shall be levied and assessed under that section.” This was, doubtless, intended as a legislative construction of the sections of the act designated. I shall not turn aside to inquire at length how far the law-making power can determine authoritatively the meaning of an existing statute. The construction, or interpretation, of a statute would seem to be, ordinarily, a judicial rather than a legislative function. I know that acts declaratory of the meaning of former acts are not uncommon. They are always to be regarded with respect, as expressive of legislative opinion, and, so far as they can operate upon subsequent transactions, they are of binding force. Bnt.it is well settled they cannot operate to disturb rights vested or acquired before their enactment, or to impose penalties for acts done before their passage, acts lawful when they were done. It is always presumed the legislature had no intention to give them such an effect.
Now, if the income tax imposed by the act of 1864' and its supplements, expired with the 31st of December, 1869; if *341 the act did not prescribe a tax upon dividends made after that date, as I have endeavored to maintain, it was not the duty of these defendants in error to pay'to the collector five per cent, of the dividends made by them in 1870, and they had no authority to detain any portion of -such dividends from their stockholders. On the contrary, it was their duty to pay over the entire dividends to the shareholders, who acquired a vested right in them as soon as they were made, and calling upon them to piay a tax on those dividends was an attempt to enforce a duty that had no existence. It was substantially an effort to enforce a penalty for an omission to do that which they had no right to do., a penalty equal to the amount of a five per cent, tax on the dividends, with an additional five per cent, thereon. The companies, at most, were merely agents of the government to collect a tax from the shareholders and pay it over. Their liability, if any, arose out of an unlawful failure to discharge these duties. But there was no such duty when the dividends wore made. Surely the declaratory act of 1870 cannot be regarded as operating retrospectively to make the act, or omission, of these companies unlawful, and punishable as an offence, when the act, or omission, was innocent at the time when it occurred. Were it conceded that the construction given by Congress is binding in all cases where it would not disturb vested rights, or operate practically as an ex post facto law, it can have no application to such a case as the present.
Of course, I am not to be understood as maintaining that when the declaratory act was passed Congress had no power to impose a tax upon any income that had been -received before that time. What 1 mean to assert is that it caanot be admitted Congress intended by the act of 1870 to subject any institution to a penalty for not having, before its passage, collected and paid a tax which had not been imposed. The act, therefore, in my judgment, has no application to the present cases, and I think the judgments should be affirmed.

 17 Wallace, 294.

 Ib. 322.